Cristino TORRES and Trina
Torres, Plaintiffs,

v.

LEXINGTON INSURANCE
CO., et al., Defendants.

Civil No. 05–1736 (GAG).

United States District Court,
D. Puerto Rico.

Aug. 14, 2006.

Ronald L. Rosenbaum, Ronald L. Rosenbaum Law Office, San Juan, PR, for Plaintiffs.

Francisco J. Colon–Pagan, Francisco E. Colon–Ramirez, Colon, Colon & Martinez, Carlos F. Lopez–Lopez, Carlos F. Lopez Law Office, Lizette C. Velez–Rive, Bayoan Muniz–Calderon, Miriam B. Toledo–David, Velez Rive & Toledo David, PSC, San Juan, PR, Benjamin Acosta, Jr., Jose Luis Fernandez–Esteves, Yaznery Ortiz–Navedo, Law Offices Benjamin Acosta, Jr., Old San Juan, PR, for Defendants.

## OPINION AND ORDER

GELPI, District Judge.

This matter is before the court on a motion to dismiss for fraud on the court and spoliation of evidence submitted by defendants, Mandara Spa Puerto Rico, Inc., Alisa Oliver, and Steiner Leisure. *See* Docket No. 67. On August 8, 2006, the undersigned denied the motion without prejudice but noted that the information contained in the motion raised "serious questions of spoliation/tampering with evidence." *See* Docket No. 97. On August 14, 2006, the court entertained oral arguments and took the matter under advisement. *See* Docket No. 106.

The instant action was commenced after an incident of alleged sexual assault on Mrs. Torres while she was getting a massage at the Westin Rio Mar in Puerto Rico. *See* Docket No. 1, ¶ 22. Plaintiff asserts, that as a result of the incident, she suffered and continues to suffer intense mental anguish, feelings of shame, humiliation, depression, unworthiness, weeping and has been forced to undergo psychological treatment and therapy. *Id.* at ¶ 26. In the complaint, Mrs. Torres alleges that her work as a court clerk has suffered and that her marriage has been subjected to unusual and severe restraints as a result of the alleged incident. *Id.*

At some point during the case, defendants learned outside of discovery that Mrs. Torres possessed several web pages depict-

534

ing an active social life, and an aspiring singing and modeling career. *See* Docket No. 67, ¶ 6. These web pages were in direct contradiction to Mrs. Torres' assertions of continued and ongoing mental anguish. At the time the web pages were discovered, neither plaintiffs nor plaintiffs' counsel had knowledge that defendants had discovered the pages. *Id.* at ¶ 7. Defendants were able to download and print out much of the content of the web pages and subsequently informed plaintiffs' counsel that eliminating or altering the websites could be considered spoliation or evidence tampering. *Id.* Two days after plaintiffs were alerted about defendants' knowledge of the websites, the same were deleted in their entirety. *Id.* at ¶ 9. No plausible explanation has been offered for this. Defendants now move for sanctions, to wit, that Mrs. Torres' case be dismissed or in the alternative that her damages be eliminated or reduced.

█ The First Circuit has held that "fraud on the court" is a basis for dismissing a claim where a party has set in motion some unconscionable scheme calculated to interfere with the judicial system's ability to impartially adjudicate the matter or unfairly hamper the presentation of the opposing party's claim or defense. *See Hull v. Municipality of San Juan*, 356 F.3d 98, 102 (1st Cir.2004). Notwithstanding, in determining whether to dismiss a case, the court will "carefully balance the policy favoring adjudication on the merits with competing policies such as the need to maintain institutional integrity and the desirability of deterring future misconduct." *See Aoude v. Mobil Oil Corp.*, 892 F.2d 1115, 1118 (1st Cir.1989). In this case, Mrs. Torres did not make it known to defendants that she had an aspiring modeling or singing career. In fact, she attempted to depict the life of a recluse with no or little social interaction. Instead, Mrs. Torres led an active social life and announced this information to the world by posting it on very public internet sites. Then, immediately upon defendants' discovery of evidence, which could be used to contradict or impeach her allegations, Mrs. Torres removed the information from the internet. This is the type of unconscionable scheme the court seeks to deter.

Therefore, the court sanctions Mrs. Torres for her acts of spoliation and eliminates all possibility of introducing evidence of continuous or ongoing mental anguish on her part. The court notes its leniency in not dismissing Mrs. Torres' claim, and acknowledges that an adjudication on the merits is more favorable at this time. Finally, defendants' downloading and printing of the internet content, so as to preserve the same, is irrelevant to the court's analysis.

**SO ORDERED.**